**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
856-795-2181
*Attorneys for Plaintiffs*
By:   Steven J. Bushinsky, Esquire,
        W. Daniel Feehan, Esquire

| | |
|---|---|
| **Trustees of the UFCW Local 152 Savings Plan for and on behalf of themselves and said Fund, and the Board of Trustees;**<br><br>27 Roland Avenue, Suite 100<br>Mount Laurel, New Jersey 08054<br><br>                                              *Plaintiffs,*<br>vs.<br><br>**South Jersey Extended Care**<br><br>One University Plaza, Suite 206<br>Hackensack, NJ 07601<br><br>                                              *Defendant(s)* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.   The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; and 28 U.S.C. §1331.

2.   This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185 because the Plaintiff Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendant maintained or maintains a principal place of business in the

State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiff(s), Trustees of the UFCW Local 152 Savings Plan, for and on behalf of themselves and said Fund, and the Board of Trustees, (hereinafter "Fund") are a labor-management trust fund organized and operated pursuant to a trust agreement and Collective Bargaining Agreement(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is an employee savings plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. § 1002(37.

5. The Fund is authorized to commence this action and to sue in its own name pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Trustees of the Fund are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

7. The Fund maintains its principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

8. Plaintiffs bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132; and Section 301 of LMRA, 29 U.S.C. §185.

9. Defendant, South Jersey Extended Care (hereinafter referred to as "Defendant SJEC") or "employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively.

10. Upon information and belief, Defendant SJEC maintains its principal place of business at One University Plaza, Suite 206, Hackensack, NJ 07601.

## COUNT ONE

11. The Funds incorporate the allegations in paragraphs 1-10 of this Complaint as though set forth herein in their entirety.

12. The Collective Bargaining Agreement in effect between Defendant SJEC and the UFCW Union Local 152 requires that certain contributions be made to the Fund on behalf of the employees of Defendant SJEC.

13. A payroll audit was conducted for the plan years 2013 through 2015 for the Local 152 Savings Plan and fringe benefit delinquencies were discovered.

14. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant SJEC has failed to remit the required contributions.

15. The failure of Defendant SJEC to pay the required contributions constitutes a prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C.§1106(a)(1)(B).

16. Defendant SJEC's failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

17. This action is brought by the fiduciaries of the Funds pursuant to Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(A) Order Defendant SJEC to pay contributions due and owing to Plaintiff Funds for all periods outstanding.

(B) Order Defendant SJEC to pay interest on the delinquent contributions at the rate provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(C) Order Defendant SJEC to pay liquidated damages as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(D) Order Defendant SJEC to specifically perform all obligations to the Plaintiff Funds under the Collective Bargaining Agreement and Memorandum of Agreement.

(E) Order Defendant SJEC to pay Plaintiffs' counsel's reasonable attorneys' fees incurred in the prosecution of this action as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(F) Order such other and further relief as this Court may deem just and appropriate.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
Attorneys for Plaintiffs

_____
W. Daniel Feehan, Esquire

Dated: 6/22/18